IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ORCKIT CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-181-RWS-RSP |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Cisco Systems, Inc.'s Motion to Dismiss Plaintiff's Action Pursuant to Federal Rule of Civil Procedure 12(b)(1) for Lack of Standing. Docket No. 26. This case was referred to United States Magistrate Judge Roy Payne pursuant to 28 U.S.C. § 636(b)(1). On February 2, 2026, the magistrate judge issued a report and recommendation, recommending that the motion be denied. Docket No. 76. On February 17, 2026, Defendant filed its objections to the report and recommendation. Docket No. 77.

## BACKGROUND

Plaintiff Orckit Corporation filed this action on February 14, 2025, alleging that Defendant infringes U.S. Patent Nos. 6,680,904 ("the '904 Patent"), 8,830,821 ("the '821 Patent"), 10,652,111 ("the '111 Patent"), 12,231,305 ("the '305 Patent"); 12,237,986 ("the '986 Patent"); and 12,244,475 ("the '475 Patent") (collectively, "the Asserted Patents").[1] Docket No. 1 at ¶ 1; Docket No. 11 ¶ 1. The complaint identifies hundreds of "Accused Products" that allegedly infringe one or more of the Asserted Patents. *See generally* Docket No. 11-12. Plaintiff claims that

---

[1] The '305, '986, and '475 Patents are all continuations of the '111 Patent, and its nonprovisional application, No. PCT/US2015/026869.

Defendant directly and indirectly infringes the Asserted Patents "by making, using, offering for sale, selling, and/or importing products." *See, e.g.*, Docket No. 11 at ¶¶ 2, 73, 90, 121, 140.

On May 27, 2025, Defendant moved to dismiss Plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(1). Docket No. 26. Defendant argues that Plaintiff lacks standing because the chain of title to the Asserted Patents was broken before the patents were ultimately assigned to Plaintiff Orckit Corp. The disputed chain of title to the Asserted Patents involves four different companies: Orckit Communications, Ltd. (an Israeli company), and its subsidiaries: Orckit IP LLC (a Delaware company), Nahum Communication NTB Ltd. (an Israeli company), and Plaintiff Orckit Corp. (a Delaware company). *See id.* at 1–9. Defendant claims that title was first broken when Orckit Communications purported to assign the Asserted Patents to Orckit IP on April 25, 2016 even though the inventors did not assign the patents to Orckit IP until September 2016. *Id.* at 3–4. Defendant claims the chain of title was also broken when Nahum allegedly assigned the Asserted Patents to Plaintiff Orckit Corp. through an agreement with an effective date of June 15, 2022 even though Orckit IP did not assign the Asserted Patents to Nahum until June 20, 2022. *Id.* at 13–14.

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The magistrate judge issued a report and recommendation on February 2, 2026, rejecting both of Defendant's standing arguments and recommending that Defendant's motion be denied. *See generally* Docket No. 76.

Regarding Defendant's first argument that the assignment from Orckit Communications to Orckit IP was invalid because the inventors had not yet transferred ownership of the Asserted Patents, the magistrate judge concluded that the September 2016 assignment by the inventors was unnecessary. *Id.* at 13. The magistrate judge agreed with Plaintiff's argument that "Israeli law controls on the question of whether the inventions claimed in the '111, '305, '986, and '475 Patents

originally belonged to Orckit Communications." *Id.* at 12. Under Israeli law, "the ownership rights in an invention automatically vest with [an] employer, and are only transferred to the employee in certain extremely limited circumstances." *Id.* at 11 (quoting Docket No. 36-1 ¶¶ 8–11). Thus, the magistrate judge found that Orckit Communications, as the inventors' employer, properly assigned the patents to Orckit IP on April 25, 2016. *Id.* at 13.

The magistrate judge also rejected Defendant's argument that the assignment of the Asserted Patents from Nahum to Plaintiff Orckit Corp. was defective because it had an effective date of June 15, 2022. *Id.* at 13, 16. The magistrate judge concluded that Nahum "intended to assign all of [its] rights in the Asserted Patents to Plaintiff Orckit Corp. and that, but for the mistaken use of June 15, 2022 in the Patent Assignment Agreement, there would be no dispute as to whether Orckit Corp. had standing." *Id.* at 16.

## DEFENDANT'S OBJECTIONS

On February 17, 2026, Defendant filed objections to the magistrate judge's report and recommendation. Docket No. 77. Defendant contends that the magistrate judge correctly stated that Plaintiff must prove standing by a preponderance of the evidence, but Orckit Corp. failed to meet this burden in two respects. *Id.* at 2. First, Defendant claims that Plaintiff did not demonstrate that the '111 Patent qualified as a "service invention." *Id.* at 2–4. Second, Defendant argues that Plaintiff failed to prove the *non-existence* of employment agreements between the inventors and Orckit Communications, and, thus, Orckit Communications could not have validly assigned the Asserted Patents to Orckit IP. *Id.* at 2, 4–5. Defendant also contends that, even if Israeli law applies, ownership of the patents did not automatically vest in Orckit Communications because "[e]ither translation [of Israeli law provided by Plaintiff's expert] would require a later assignment as a matter of federal law." *Id.* at 5–6.

Defendants further contend that the assignment from Nahum to Plaintiff Orckit Corp. was defective. Docket No. 77 at 6. Defendant argues that the report and recommendation "does not analyze the [Patent Assignment Agreement between Nahum and Orckit Corp.] under any state law." *Id.* Whether the Court applies Israeli or Delaware law, Defendant avers that "a court cannot look beyond an unambiguous contract to discern intent." *Id.* at 7. Defendant claims that, even if the Court could consider extrinsic evidence, the evidence in the record does not support altering the Patent Assignment Agreement's effective date of June 15, 2022. Defendant lastly argues that Plaintiff Orckit Corp. used privileged emails to support its position without a finding of subject matter waiver. *Id.* at 8.

## ANALYSIS

### I.      Assignments Between the Inventors, Orckit Communications, and Orckit IP

The Court determines that the magistrate judge properly concluded that ownership of the Asserted Patents automatically transferred to Orckit Communications under Israeli Patent Law 5727-1967. Defendant's first objection, that Plaintiff allegedly did not show that the '111 Patent qualified as a "service invention" under Israeli law, was never raised in prior briefing or oral argument, and the argument is therefore forfeited. *See* Docket Nos. 26, 35, 61, 62, 68; *Schambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[T]his court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation.").

Defendant's second objection, that Plaintiff failed to prove the non-existence of employment agreements between the inventors and Orckit Communications, is unpersuasive. Although Defendant points out that Mr. Izhak Tamir—the founder of Orckit Communications— testified that "employees . . . were required to sign a Proprietary Information Undertaking identical

to" the one presented to the magistrate judge, Mr. Tamir also testified that he was not a legal expert and is a native Hebrew speaker. Docket No. 62 at 45:10–47:25, 53:1–13; 85:21–86:12. He also explained in his affidavit that "the IP protection policies and employment agreements at Corrigent Systems, Inc. [(a subsidiary of Orkit Communications)] were **substantially similar** to those at other Orick-Corrigent entities in the same time period[.]" Docket No. 33-1 at ¶ 21 (emphasis added). However, he did not explain what differences may have existed between the agreement presented to the Court and the ones purportedly signed by the inventors, nor did he claim that the inventors actually signed any such agreements. In fact, one of the inventors affirmatively testified that he did not sign a similar agreement as part of his employment contract. Docket No. 26-11 at 178:4–9 ("Q: Did you have any formal obligation in your employment agreement with Orckit-Corrigent where you promised to assign your future patent rights to the company? A: I don't remember [that] I had an obligation to do that. I didn't sign anything."). Thus, the Court agrees with the magistrate judge's finding that there was no employment agreement that supersedes Israeli Patent Law 5727-1967, and Orckit Communications owned the Asserted Patents at the time of assignment to Orckit IP. Docket No. 76 at 12–13; *see also* Docket No. 36-1 at ¶¶ 9–11.

Defendant also forfeited its objection that "ownership did not automatically vest" in Orckit Communications under Israeli law. Docket No. 77 at 5–6. As the magistrate judge noted, Defendant did not dispute that, under Israeli law, the invention automatically becomes the property of the employer. Docket No. 76 at 3. Rather, Defendant argued that an employment agreement was in place between Orckit Communications and the inventors that overrode automatic operation of Israeli law, which the magistrate judge concluded was not supported by the record. *Id.* at 3, 12. Thus, Defendant forfeited this objection. *See Schambaugh*, 91 F.4th at 369.

Based on the foregoing, the Court concludes that the magistrate judge correctly determined that ownership of the Asserted Patents automatically vested in Orckit Communications, rendering the purported assignment from the inventors to Orckit Communications in September 2016 unnecessary.

## II.     Assignment Between Nahum and Orckit Corp.

Defendant argues that the assignment from Nahum to Plaintiff Orckit Corp. was defective and that the magistrate judge failed to apply state law in interpreting the alleged assignment. Docket No. 77 at 6. However, as the magistrate judge noted, the Federal Circuit has explained that its precedent regarding such precise assignment language is properly limited to the context of employment agreements regarding future assignments of employees' inventions. See Docket No. 76 at 14 (citing *Schwendimann v. Arkwright Adv. Coating, Inc.*, 959 F.3d 1065, 1074 (Fed. Cir. 2020)). In other words, the precedent does not apply to the interpretation of assignments made under foreign law, such as Israeli Patent Law 5727-1967. Thus, the Court concludes this objection lacks merit.

In addition, although Defendant may be correct that a court cannot look beyond the language of an *unambiguous* contract under Delaware law, the magistrate judge specifically found that the agreement between Nahum and Orckit Corp. contained an ambiguity. Docket No. 76 at 14–15. Specifically, the agreement stated that the patents would be assigned on the closing date, which was defined as June 27, 2022, but then attached and incorporated fully an assignment agreement as an exhibit, which purported to assign the Asserted Patents on June 15, 2022. *Id.* The magistrate judge then correctly applied Delaware law in concluding that the assignment from Nahum to Plaintiff Orckit Corp. "had an actual effective assignment date of June 27, 2022, conforming to [the] Closing date defined in the Patent Sale Agreement, if not the July 2, 2022 date

on which Mr. Tamir actually signed both agreements." *Id.* at 15 (citing *Home Semiconductor Corp. v. Samsung Elecs. Co., Ltd.*, No. 13-2033, 2020 WL 2477582, at *4 (D. Del. Jan. 14 (2020)).

Defendant lastly argues that Plaintiff Orckit Corp. used privileged emails to support its position without a finding of subject matter waiver. Docket No. 77 at 8. Defendant contends that Orckit Corp. improperly relied on privileged information to support its position while maintaining privilege over other related communications. *Id.* This objection lacks merit. The magistrate judge told Plaintiff's counsel at the hearing that relying on a particular portion of the communications would not cause a subject matter waiver of privilege. Docket No. 62 at 20–23. The magistrate judge went on to explain however that "if there's something in the redactions that is important to a decision on the motion, then obviously [redacting] wouldn't work as to those documents." *Id.* at 6–12. Defendant has not identified any communications upon which Plaintiff relied that were privileged and redacted, and that the magistrate judge relied on in rendering his report and recommendation.

Based on the foregoing, the Court concludes that the magistrate judge correctly found that the Asserted Patents were properly assigned from Nahum to Plaintiff Orckit Corp., and Defendant's objections lack merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Defendant objected. *See* 28 U.S.C. § 636(b)(1) (explaining that the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). After review, the Court concludes that the report and recommendation of the magistrate judge is correct, and Defendant's objections are without merit. The Court therefore **ADOPTS** the February

2, 2026 report and recommendation of the magistrate judge (Docket No. 76) as the findings and conclusions of this Court. Accordingly, it is hereby

ORDERED that Defendant's objections (Docket No. 77) are OVERRULED. It is further

ORDERED that Defendant's Motion to Dismiss Plaintiff's Action Pursuant to Federal Rule of Civil Procedure 12(b)(1) for Lack of Standing (Docket No. 26) is DENIED.

So ORDERED and SIGNED this 6th day of April, 2026.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE